IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(EASTERN DIVISION)

RECEIVED
2007 MAR 14 A 9: 23

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| CAROL DAUGHERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:07 CV226-WKW |
| ) | |
| ) | |
| RELIANCE STANDARD LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Reliance Standard Life Insurance Company ("Reliance Standard"), by and through its attorneys, timely files this Notice of Removal pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, 29 U.S.C. § 1132(e), and 28 U.S.C. § 1441(a), (b) and (c) removing the above-captioned action from the Circuit Court of Tallapoosa County, Alabama, Alexander City Division, to the United States District Court for the Middle District of Alabama (Eastern Division) and in support of this Notice avers as follows:

1. The above-captioned action was commenced by Plaintiff in the Circuit Court of Tallapoosa County, Alabama, Alexander City Division, on or

895609.1

about February 8, 2007. A true and correct copy of the Complaint is attached hereto as Exhibit "A."

2. Service of the Complaint, directed to Reliance Standard, was made on February 22, 2007.

3. This action involves a claim for benefits under a Reliance Standard group long term disability insurance policy (the "policy") issued to plaintiff's former employer, Russell Medical Center.

4. The policy was established and maintained by Plaintiff's employer as part of an Employee Welfare Benefit Plan, as evidenced by the employer's filing of an IRS Form 5500 for this coverage and in which Russell Medical Center identified itself as the Plan Sponsor. A copy of the Form 5500 is attached as Exhibit "B."

5. Based on the foregoing, this plan is subject to and governed by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et. seq.*

6. A cause of action filed in state court seeking recovery of benefits under an employee welfare benefit plan is removable to federal court pursuant to 28 U.S.C. § 1441(c) as an action arising under a federal law. *See Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58 (1987); *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41 (1987).

895609.1

7.  This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). As a civil action founded upon a claim of right arising under the laws of the United States, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), (b), and (c).

8.  This Court also has diversity jurisdiction over this matter as the parties are diverse with plaintiff being a resident of and domiciled in the State of Alabama and defendant being an Illinois corporation with a main office in Pennsylvania. The amount in controversy, as alleged, exceeds $75,000.

9.  This Notice of Removal is being filed within thirty (30) days of service of the Complaint on February 22, 2007, as required by 28 U.S.C. § 1446(b).

10. No pleadings, process or orders other than the Complaint have been served on defendant, and therefore no other pleadings, process or orders are attached to this Notice as required by 28 U.S.C. § 1446(a).

11. All fees required by law in connection with this notice have been filed by Defendant.

WHEREFORE, Defendant, Reliance Standard Life Insurance Company, removes the above-captioned matter now pending in the Circuit Court of

895609.1

Tallapoosa County, Alabama, Alexander City Division, to the United States District Court for the Middle District of Alabama (Eastern Division).

*/s/ Chris Yeilding*
One of the Attorneys for Defendant,
Reliance Standard Life Insurance Company

**OF COUNSEL:**

Steven F. Casey
Christopher L. Yeilding
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

895609.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by U.S. Mail, properly addressed and postage prepaid, on this the 12th day of March, 2007:

Angela J. Hill, Esquire
139 S. Broadnax Street
Dadeville, AL 36853

_____
Of Counsel

895609.1

# EXHIBIT A

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY
AT ALEXANDER CITY, ALABAMA

| | |
|---|---|
| CAROL DAUGHERTY<br>Plaintiff | )<br>)<br>) |
| v | ) CASE No: CV-07-25<br>) |
| RELIANCE STANDARD INSURANCE<br>Fictitious Party A, B, and C<br>Defendant | )<br>)<br>) |

## COMPLAINT FOR
## BREECH OF CONTRACT
## AND
## BAD FAITH

Comes now the Plaintiff, Carol Daugherty, by and through her Attorney of Record, Angela J. Hill, and files this Complaint for Breech of Contract and Bad Faith. In support of such, the Plaintiff would state as follows:

## COUNT ONE
## BREECH OF CONTRACT

1. The Defendant is a business corporation doing business in the State of Alabama with the Plaintiff in Tallapoosa County.

2. The Plaintiff is a resident of Coosa County who was employed and entered into a contract with the Defendant in the State of Alabama, Tallapoosa County.

3. That the Plaintiff entered into a contract with the Defendant in Tallapoosa County in approximately 1983.

4. That said contract provided for long term disability coverage if Plaintiff became disabled and was unable to be gainfully employed.

5. That in exchange for said coverage Plaintiff paid monthly premiums in the amount of approximately $25.00 per month.

6. That Defendant accepted these monthly payments.

7. That Plaintiff paid the monthly premiums until April of 2006.

8. That Plaintiff became disabled, was unable to be gainfully employed, and applied for

disability benefits in accordance with the contract and said benefits were denied.

9. That in accordance with the procedures provided by Defendant, Plaintiff filed a timely appeal but said claim was further denied.

10. That the Plaintiff has exhausted all administrative remedies.

11. That as a result of Defendant's Breech of Contract the Plaintiff has been required to suffer substantial emotional and financial hardships.

Wherefore, the Plaintiff, Carol Daugherty, demands judgment against Defendant, Reliance Standard Insurance Company, and fictitious party A, B, and C both jointly and severable for compensatory and punitive damages as may be assessed by the jury at the trial of this cause, said amount to be in excess of $10,000.00 plus cost.

## COUNT TWO
## BAD FAITH

That the Plaintiff re-alleges the averments contained in Paragraphs 1 thru 10. However, the Plaintiff would further states as follows:

1. That an insurance contract did exist between the parties.

2. There was an intentional refusal to pay the insurance claim.

3. There was an absence of any reasonable legitimate or arguable reason for that refusal in that the Plaintiff had met every requirement necessary and specified by the original contract under which she was insured.

4. That the insurer had actual knowledge of this refusal to pay and in the absence of any legitimate or arguable reason and continued to refuse said claim.

5. That as a result of Defendant's intentional refusal to pay said policy Plaintiff has been required to suffer significant financial hardship as well as emotional damages.

Wherefore, the Plaintiff, Carol Daugherty, demands judgment against Defendant, Reliance Standard Insurance Company, and fictitious party A, B, and C both jointly and severable for compensatory and punitive damages as may be assessed by the jury at the trial of this cause, said amount to be in excess of $10,000.00 plus cost.

Respectfully submitted this the 7th day of February, 2007.

)                                )

_____
Carol Daughtery
Plaintiff

_____
Angela J. Hill (HIL-052)
Attorney for Plaintiff
139 S. Broadnax Street
Dadeville, Al 36853
256-825-8251
256-825-8201 fax

PLAINTIFF DEMANDS A TRIAL OF THE ISSUES RAISED HEREIN BY STRUCK JURY.

# EXHIBIT B



**Quicklinks**

Back to Company Detail page | New Search
Form 5500 | Schedule A | Other Documents | SHOW ALL

| Form **5500**<br>Department of the Treasury<br>Internal Revenue Service<br>Department of Labor<br>Pension and Welfare Benefits<br>Administration<br>Pension Benefit Guaranty Corporation | **Annual Return/Report of Employee Benefit Plan**<br>This form is required to be filed under sections 104 and 4065 of the Employee<br>Retirement Income Security Act of 1974 (ERISA) and sections 6039D, 6047(e),<br>6057(b), and 6058(a) of the Internal Revenue Code (the Code).<br>Complete all entries in accordance with<br>the instructions to the Form 5500. | Official Use Only<br>OMB Nos. 1210 - 0110<br>1210 - 0089<br>**2005**<br>This Form is Open to<br>Public Inspection |

**Part I    Annual Report Identification Information**

For the calendar plan year 2005 or fiscal plan year beginning January 01, 2005, and ending December 31, 2005

**A** This return/report is for:
(1) ☐ a multiemployer plan;
(2) ☒ a single-employer plan (other than a multiple-employer plan);
(3) ☐ a multiple-employer plan;
(4) ☐ a DFE (specify)

**B** This return/report is:
(1) ☐ the first return/report filed for the plan;
(2) ☐ the amended return/report;
(3) ☐ the final return/report filed for the plan;
(4) ☐ a short plan year return/report (less than 12 months).

**C** If the plan is a collectively-bargained plan, check here ☐

**D** If you filed for an extension of time to file, check the box and attach a copy of the extension application ☐

**Part II    Basic Plan Information** -- enter all requested information.

**1a** Name of plan

RUSSELL MEDICAL CENTER LONG TERM DISABILITY PLAN

**1b** Three-digit plan number (PN)    502

**1c** Effective date of plan (mo., day, yr.)
January 01, 1997

**2a** Plan sponsor's name and address (employer, if for a single-employer plan)
(Address should include room or suite no.)

RUSSELL MEDICAL CENTER
PO BOX 939
ALEXANDER CITY, AL 35011-0939

**2b** Employer Identification Number (EIN)
63-0385130

**2c** Sponsor's telephone number
256-329-7100

**2d** Business code (see instructions)
622000

Caution: A penalty for the late or incomplete filing of this return/report will be assessed unless reasonable cause is established.
Under penalties of perjury and other penalties set forth in the instructions, I declare that I have examined this return/report, including accompanying schedules, statements and attachments, and to the best of my knowledge and belief, it is true, correct, and complete.

|   | 07/31/2006 | FRANK W HARRIS |
|---|---|---|
| Signature of plan administrator | Date | Typed or printed name of individual signing as plan administrator |
|   | 07/31/2006 | FRANK W HARRIS |
| Signature of employer/plan sponsor/DFE | Date | Typed or printed name of individual signing as employer, plan sponsor or DFE as applicable |

For Paperwork Reduction Act Notice and OMB Control Numbers, see the instructions for Form 5500.    v2.3    Form **5500** (2005)

**3a** Plan administrator's name and address (if same as plan sponsor, enter "Same")

SAME

**3b** Administrator's EIN

**3c** Administrator's telephone number

**4** If the name and/or EIN of the plan sponsor has changed since the last return/report filed for this plan, enter the name, EIN and the plan number from the last return/report below:

**a** Sponsor's name

**b** EIN

**c** PN

**5** Preparer information (optional)    **a** Name (including firm name, if applicable) and address

**b** EIN

c Telephone no.

| | | | |
|---|---|---|---|
| 6 | Total number of participants at the beginning of the plan year | 6 | 131 |

7 Number of participants as of the end of the plan year (welfare plans complete only lines **7a**, **7b**, **7c**, and **7d**)

| | | | |
|---|---|---|---|
| a | Active participants | a | 128 |
| b | Retired or separated participants receiving benefits | b | |
| c | Other retired or separated participants entitled to future benefits | c | |
| d | Subtotal. Add lines **7a**, **7b**, and **7c** | d | 128 |
| e | Deceased participants whose beneficiaries are receiving or are entitled to receive benefits | e | |
| f | Total. Add lines **7d** and **7e** | f | 128 |
| g | Number of participants with account balances as of the end of the plan year (only defined contribution plans complete this item) | g | |
| h | Number of participants that terminated employment during the plan year with accrued benefits that were less than 100% vested | h | |
| i | If any participant(s) separated from service with a deferred vested benefit, enter the number of separated participants required to be reported on a Schedule SSA (Form 5500) | i | |

8 Benefits provided under the plan (complete 8a through 8c, as applicable)

a ☐ Pension benefits (check this box if the plan provides pension benefits and enter the applicable pension feature codes from the List of Plan Characteristics Codes (printed in the instructions)):

b ☒ Welfare benefits (check this box if the plan provides welfare benefits and enter the applicable welfare feature codes from the List of Plan Characteristics Codes (printed in the instructions)):

4H

**9a** Plan funding arrangement (check all that apply)
(1) ☒ Insurance
(2) ☐ Section 412(i) insurance contracts
(3) ☐ Trust
(4) ☐ General assets of the sponsor

**9b** Plan benefit arrangement (check all that apply)
(1) ☒ Insurance
(2) ☐ Section 412(i) insurance contracts
(3) ☐ Trust
(4) ☐ General assets of the sponsor

**10** Schedules attached (Check all applicable boxes and, where indicated, enter the number attached. See instructions.)

a **Pension Benefit Schedules**
(1) ☐ R (Retirement Plan Information)
(2) ☐ T (Qualified Pension Plan Coverage Information)
  If a Schedule T is not attached because the plan is relying on coverage testing information for a prior year, enter the year
(3) ☐ B (Actuarial Information)
(4) ☐ E (ESOP Annual Information)
(5) ☐ SSA (Separated Vested participant Information)

b **Financial Schedules**
(1) ☐ H (Financial Information)
(2) ☐ I (Financial Information -- Small Plan)
(3) ☒ 1 A (Insurance Information)
(4) ☐ C (Service Provider Information)
(5) ☐ D (DFE/Participating Plan Information)
(6) ☐ G (Financial Transaction Schedules)
(7) ☐ P (Trust Fiduciary Information)

---

| **SCHEDULE A**<br>**Form 5500**<br>Department of the Treasury<br>Internal Revenue Service<br>Department of Labor<br>Pension and Welfare Benefits Administration<br>Pension Benefit Guaranty Corporation | **Insurance Information**<br>This schedule is required to be filed under section 104 of the Employee Retirement Income Security Act of 1974.<br>**File as an attachment to Form 5500.**<br>Insurance companies are required to provide this information pursuant to ERISA section 103(a)(2). | Official Use Only<br>OMB No. 1210 - 0110<br>**2005**<br>This Form is Open to Public Inspection |
|---|---|---|

For the calendar plan year 2005 or fiscal plan year beginning January 01, 2005, and ending December 31, 2005

| **A** Name of plan<br>RUSSELL MEDICAL CENTER LONG TERM DISABILITY PLAN | **B** Three-digit plan number   502 |
|---|---|
| **C** Plan sponsor's name as shown on line 2a of Form 5500<br>RUSSELL MEDICAL CENTER | **D** Employer Identification Number<br>63-0385130 |

**Part I**   **Information Concerning Insurance Contract Coverage, Fees, and Commissions.**
Provide information for each contract on a separate Schedule A. Individual contracts grouped as a unit in Parts II and III can be reported on a single Schedule A.

**1** Coverage

(a) Name of insurance carrier

RELIANCE STANDARD LIFE INSURANCE CO

| (b) EIN | (c) NAIC code | (d) Contract or identification number | (e) Aproximate number of persons covered at end of policy or contract year | Policy or contract year | |
|---|---|---|---|---|---|
| | | | | (f) From | (g) To |

| 36-0883760 | 68381 | LTD099500 | 128 | 01/01/2005 | 12/31/2005 |

**2** Insurance fees and commissions paid to agents, brokers, and other persons:

**Totals**

Amount of commissions paid                                                  Fees paid / Amount

For Paperwork Reduction Act Notice and OMB Control Numbers, see the instructions for Form 5500.  v2.3    Schedule A (Form 5500) 2005

(a) Name and address of the agents, brokers or other persons to whom commissions or fees were paid

| (b) Amount of commissions paid | (c) Amount | Fees paid | (d) Purpose | (e) Organization code |

**Part II    Investment and Annuity Contract Information**
Where individual contracts are provided, the entire group of such individual contracts with each carrier may be treated as a unit for purposes of this report.

**3** Current value of plan's interest under this contract in the general account at year end
**4** Current value of plan's interest under this contract in separate accounts at year end
**5** Contracts With Allocated Funds
  **a** State the basis of premium rates
  **b** Premiums paid to carrier
  **c** Premiums due but unpaid at the end of the year
  **d** If the carrier, service, or other organization incurred any specific costs in connection with the acquision or retention of the contract or policy, enter amount
    Specify nature of costs
  **e** Type of contract (1) [X] individual policies   (2) ☐ group deferred annuity   (3) ☐ other (specify)
  **f** If contract purchased, in whole or in part, to distribute benefits from a terminating plan check here ☐
**6** Contracts With Unallocated Funds (Do not include portions of these contracts maintained in separate accounts)
  **a** Type of contract  (1) ☐ deposit administration   (2) ☐ immediate participation guarantee
                          (3) ☐ guaranteed investment    (4) ☐ other (specify below)

  **b** Balance at the end of the previous year
  **c** Additions:
    (1) Contributions deposited during the year
    (2) Dividends and credits
    (3) Interest credited during the year
    (4) Transferred from separate account
    (5) Other (specify below)

    (6) Total additions
  **d** Total of balance and additions (add **b** and **c** (6))
  **e** Deductions:
    (1) Disbursed from fund to pay benefits or purchase annuities during year
    (2) Administration charge made by carrier
    (3) Transferred to separate account
    (4) Other (specify below)

    (5) Total deductions
  **f** Balance at the end of the current year (subtract **e**(5) from **d**)

**Part III   Welfare Benefit Contract Information**
If more than one contract covers the same group of employees of the same employer(s) or members of the same employee organization(s), the information may be combined for reporting purposes if such contracts are experience-rated as a unit. Where individual contracts are provided, the entire group of such individual contracts with each carrier may be treated as a unit for purposes on this report.

**7** Benefit and contract type (check all applicable boxes)
  **a** ☐ Health (other than dental or vision)   **b** ☐ Dental            **c** ☐ Vision                       **d** ☐ Life insurance
  **e** ☐ Temporary disability (accident and sickness)   **f** [X] Long-term disability   **g** ☐ Supplemental unemployment   **h** ☐ Prescription drug
  **i** ☐ Stop loss (large deductible)           **j** ☐ HMO contract      **k** ☐ PPO contract                **l** ☐ Indemnity contract
  **m** ☐ Other (specify)

**8** Experience related contracts

    **a** Premiums:
      (1) Amount received
      (2) Increase (decrease) in amount due but unpaid
      (3) Increase (decrease) in unearned premium reserve
      (4) Earned ((1)+(2)-(3))
    **b** Benefit charges:
      (1) Claims paid
      (2) Increase (decrease) in claim reserves
      (3) Incurred claims (add (1) and (2))
      (4) Claims charged
    **c** Remainder of premium:
      (1) Retention charges (on an accrual basis) --
        (A) Commissions
        (B) Administrative service or other fees
        (C) Other specific acquisition costs
        (D) Other expenses
        (E) Taxes
        (F) Charges for risks or other contingencies
        (G) Other retention charges
        (H) Total Retention
      (2) Dividends or retroactive rate refunds. (These amounts were ☐ paid in cash, or ☐ credited.)
    **d** Status of policyholder reserves at end of year: (1) Amount held to provide benefits after retirement
      (2) Claim reserves
      (3) Other reserves
    **e** Dividends or retroactive rate refunds due. (Do not include amount entered in c(2).)
**9** Nonexperience-rated contracts
    **a** Total premiums or subscription charges paid to carrier        $36,774
    **b** If the carrier, service, or other organization incurred any specific costs in connection with the acquisition or retention of the contract or policy, other than reported in Part I, item 2 above, report amount
      Specify nature of costs below:

**Back to Top**