IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(EASTERN DIVISION)

| | |
|---|---|
| **CAROL DAUGHERTY,** ) | |
| (an individual) ) | |
|     **Plaintiff,** ) | |
| ) | |
| **V.** ) | |
| ) | **CIVIL ACTION NO:** |
| **RELIANCE STANDARD LIFE** ) | **3:07-CV-00226-WKW-TFM** |
| **INSURANCE COMPANY,** ) | |
| (a corporation) ) | |
| **FICTITIOUS PARTIES A, B, & C** ) | |
| ) | |
|     **Defendants.** ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

### PARTIES

1. The Plaintiff, Carol Daugherty, is an individual, citizen residing in Coosa County in the State of Alabama and is over the age of nineteen years.

2. Defendant, Reliance Standard Life Insurance Company (hereinafter referred to as "Reliance"), is a corporation and an insurance company duly organized and existing under the laws of a state other than Alabama with its principal place of business for purposes of service of process located at 115 South LaSalle Street, Chicago, Illinois 60603-3801.

### JURISDICTION

3. This action is brought pursuant to the Employee Retirement Income Security Act (hereinafter called E.R.I.S.A.) 29 U.S.C. § 1001 et. Seq.

### VENUE

4. The Middle District of Alabama is the proper venue for this action, as the Plaintiff resides in the Middle District of Alabama. Russell Medical Center, employed the Plaintiff within the Middle District of Alabama, the deductions from her payroll for the policy premiums were made there and Reliance does business within the Middle District of Alabama.

5. At all times relevant hereto, Defendant, Reliance, was duly registered and authorized to transact insurance business in the State of Alabama, in the Middle District of Alabama, and

regularly conducted substantial insurance business in the Middle District of Alabama.

## FACTS

6. Plaintiff began employment with Russell Medical Center in 1983 as a buyer (purchasing agent).

7. On December 11, 1996 Plaintiff's Long Term Disability Policy which was issued by Canada Life Group, LTD (hereinafter referred to as "Canada"), was transferred to the Defendant's company, Reliance Standard Life Voluntary LTD. Plaintiff was advised that said coverage would be transferred without the loss of any benefits.

8. Said policy provided Long Term Disability Coverage if Plaintiff became disabled and unable to be gainfully employed.

9. In exchange for said coverage, plaintiff had monthly premiums in the amount of approximately $25.00 deducted from her compensation.

10. Defendant, Reliance, accepted these monthly payments which were paid until April, 2006.

11. Plaintiff became disabled on May 2, 2005 and filed a claim for her Long Term Disability coverage on July 24, 2005. Her primary physician, Wael Hamo, M.D. completed the application diagnosing Plaintiff with, among other conditions, fibromyalgia, ataxia, arthritis, and radiculopathy. During said time period, Russell had in force and effect the Welfare Benefit Plan which provided Long Term Disability Benefits to its employees. Plaintiff made a claim under the plan in accordance with the terms of that plan. However, her benefits under said plan were denied.

12. On November 1, 2005 Defendant issued a Statement of Denial to Plaintiff denying her claim for Long Term Disability Benefits. Plaintiff timely filed an appeal of this decision on March 14, 2006.

13. The claim was once again denied when a decision was issued as a result of the appeal process on August 3, 2006. Said denial was wrongful, arbitrary and capricious. Furthermore; the denial cited the Reliance policy when in fact the determination should have been based on the Canada policy.

## COUNT ONE

### DENIAL OF DISABILITY BENEFITS

14. Plaintiff adopts and incorporates by this reference paragraphs 1 through 13, inclusive, of this Complaint.

15. Plaintiff has complied with all the terms of said Plan as a condition precedent to bringing this suit, exhausting all of her administrative remedies.

16. Defendants denial of Plaintiff's benefits under said Plan was wrong, constituted a breach of Defendant's obligations under the agreement, was a violation of ERISA, and/or was arbitrary, and/or capricious. As a direct and proximate consequence of Defendant's wrongful conduct, Plaintiff suffered injuries and damages including, but not limited to the following: a loss of monetary benefits as set forth within the plan.

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory damages and/or equitable relief in a sum of all the claims for past benefits wrongfully withheld from the Plaintiff by the Defendant and for a judgment against the Defendant ordering the Defendant to pay the claim of the Plaintiff, along with pre-judgment and post-judgment interests, costs of this suit, and a reasonable attorney fee.

/s/Angela J. Hill
Attorney for Plaintiff
139 S. Broadnax St.
Dadeville, AL 36853
256-825-8251 Phone
256-825-8201 Fax

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Steven F. Casey    scasey@balch.com

Christopher Lynch Yeilding    cyeilding@balch.com, chuff@balch.com

/s/Angela J. Hill
OF COUNSEL