IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(EASTERN DIVISION)

| | |
|---|---|
| CAROL DAUGHERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 3:07-cv-00226-WKW-TFM |
| ) | |
| RELIANCE STANDARD LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## RELIANCE STANDARD LIFE INSURANCE COMPANY'S
## ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES

Reliance Standard Life Insurance Company ("Reliance Standard"), by and through its undersigned counsel, hereby answers Plaintiff's Amended Complaint and asserts affirmative defenses as follows:

1. Admitted upon information and belief.

2-3. Admitted.

4. No answer is required of defendant to this paragraph as it states conclusions of law.

5. Admitted in part and denied in part. It is denied that defendant conducts "substantial insurance business in the Middle District of Alabama." The remaining averments are admitted.

6. Denied as stated as plaintiff was hired in 1984 rather than 1983. The remaining averments are admitted.

7. Denied. The Reliance Standard coverage became effective on January 1, 1997 and not December 11, 1996. It is further denied that plaintiff's coverage under the Canada Life policy "was transferred to … Reliance Standard Life Voluntary LTD." Defendant does not operate under the name identified by plaintiff. Nor did each of the terms of the Canada Life policy transfer to the Reliance Standard policy. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and therefore denies those allegations.

8. Denied as stated. Benefits are only payable under the policy if each and every term and condition is satisfied.

9. Admitted.

10. Denied as stated as Reliance Standard did not receive premiums directly from plaintiff.

11. Admitted in part and denied in part. It is admitted only that plaintiff submitted a claim for LTD benefits claiming that she became disabled on or about May 2, 2005, that Dr. Hamo diagnosed plaintiff with the conditions identified in this paragraph, the subject Plan and policy were in force and effect and that benefits were denied. It is denied that plaintiff became totally disabled as that term

is defined in the policy, that plaintiff has submitted proof that she suffers from and/or is disabled as a result of the conditions identified by Dr. Hamo, and it is especially denied that plaintiff is entitled to any benefits.

12. Admitted.

13. Admitted in part and denied in part. It is admitted only that Defendant denied plaintiff's appeal on or about August 3, 2006. Each and every remaining averment in this paragraph is denied.

### Count One

14. Defendant incorporates herein by reference its answers to paragraphs 1 through 13 as though the same were set forth here in full.

15. Admitted in part and denied in part. It is admitted only that plaintiff has exhausted her administrative reviews. The remaining averments are denied as plaintiff failed to provide defendant with satisfactory proof of the claimed disability.

16. Denied.

WHEREFORE, defendant Reliance Standard Life Insurance Company denies liability to plaintiff and requests the court enter judgment in its favor affirming the denial of benefits and awarding to defendant its fees and costs together with such equitable relief the court deems fair and just.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are governed by ERISA.

2. Plaintiff is not entitled to a jury trial under ERISA.

3. Plaintiff's complaint fails to state a claim against defendant.

4. The denial of benefits was neither arbitrary nor capricious.

5. At the time benefits were discontinued, plaintiff failed to sustain her burden of proving eligibility for benefits.

6. Plaintiff is not totally disabled.

7. No benefits are owed under the subject policy.

8. The denial of benefits was not "wrong."

9. Substantial evidence supports the denial of benefits.

10. Plaintiff received a full and fair review of the claim decision.

11. Plaintiff's claims are subject to the terms and conditions stated in the Reliance Standard policy.

WHEREFORE, defendant Reliance Standard Life Insurance Company denies liability to plaintiff and requests the court enter judgment in its favor affirming the denial of benefits and a awarding to defendant its fees and costs together which such ever equitable relief the court deems fair and just.

                                          <u>s/Christopher L. Yeilding</u>
                                          One of the Attorneys for Defendant,
                                          Reliance Standard Life Insurance Company

<u>OF COUNSEL</u>:

Steven F. Casey
Christopher L. Yeilding
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Angela J. Hill
139 S. Broadnax Street
Dadeville, AL 36853

                                                  s/Christopher L. Yeilding
                                                  Of Counsel